Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Gregory L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     650-739-3939
Facsimile:     650-739-3900

Attorneys for Plaintiff
SANDISK CORPORATION

ORIGINAL FILED

2009 JUN 19 P 2: 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-filing

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDISK CORPORATION

Plaintiff,

v.

LSI CORPORATION,

Defendant.

Case No.  C09  02737  PVT

COMPLAINT FOR:

1. **DECLARATORY JUDGMENT FOR PATENT NON-INFRINGEMENT, PATENT INVALIDITY, AND/OR PATENT UNENFORCEABILITY;**

2. **UNFAIR COMPETITION, CALIF. BUS. & PROF. SECTION 17200;**

3. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**

4. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND**

5. **TRADE LIBEL.**

**DEMAND FOR JURY TRIAL**

Plaintiff SanDisk Corporation ("SanDisk") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement, invalidity, and unenforceability of United States Patent Nos. 5,379,356 (the "'356 Patent"); 5,809,174 (the "'174

COMPLAINT FOR DECLARATORY JUDGMENT

Patent"); 5,864,817 (the "'817 Patent"); 5,890,124 (the "'124 Patent"); 5,982,830 (the "'830 Patent"); 6,982,663 (the "'663 Patent"); 5,670,730 (the "'730 Patent"); and, 5,696,928 (the "'928 Patent") (collectively, the "LSI Patents"). This action also includes tort claims under California state law arising from the same facts and circumstances as the claim for declaratory judgment.

## PARTIES

2. Plaintiff SanDisk is a corporation organized and existing under the laws of Delaware, and has its headquarters and principal place of business in Milpitas, California. SanDisk is engaged in the business of, among other things, designing manufacturing, and selling digital media players.

3. On information and belief, Defendant LSI Corporation ("LSI") is a Delaware corporation with its principal place of business in Milpitas, California.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq*, and under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et. seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

5. This Court has subject matter jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367, because these claims are so related to the patent law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this District.

7. This Court has personal jurisdiction over LSI because it is located in this District and by virtue of the business activities it conducts within the State of California and within this District, resulting in sufficient minimum contacts with this forum.

## INTRADISTRICT ASSIGNMENT

8. This case is an Intellectual Property Action under Civil Local Rule 3-2(c) and, pursuant to Civil Local Rule 3-5(b), shall be assigned on a district-wide basis.

## LSI'S PATENTS

9. U.S. Patent No. 5,379,356, which is entitled "Decompression Processor for Video Applications," issued on January 3, 1995.

10. U.S. Patent No. 5,809,174, which is entitled "Decompression Processor for Video Applications," issued on September 15, 1998.

11. U.S. Patent No. 5,864,817, which is entitled "Method for Decoding MPEG Audio Data," issued on January 26, 1999.

12. U.S. Patent No. 5,890,124, which is entitled "Decompression Processor for Video Applications," issued on March 30, 1999.

13. U.S. Patent No. 5,696,928, which is entitled "Memory Chip Architecture for Digital Storage of Prerecorded Audio Data Wherein Each of the Memory Cells are Individually Addressable," issued on December 9, 1997.

14. U.S. Patent No. 5,670,730, which is entitled "Data Protocol and Method for Segmenting Memory for a Music Chip," issued on September 23, 1997.

15. U.S. Patent No. 6,982,663, which is entitled "Method and System for Symbol Binarization," issued on January 3, 2006.

16. U.S. Patent No. 5,982,830, which is entitled "Hysteretic Synchronization System for MPEG Audio Frame Decoder," issued on November 9, 1999.

17. LSI asserts that it has an ownership interest in the LSI Patents.

## LSI'S ASSERTION OF THE LSI PATENTS

18. On September 14, 2007, LSI contacted SanDisk to initiate patent license negotiations for several of SanDisk's digital media players. LSI claimed that several of SanDisk's digital media players infringed its '730 Patent, and offered a license to SanDisk. One month later, LSI contacted SanDisk again claiming that its '928 Patent was also infringed by SanDisk's digital media players.

19. On March 6, 2008, LSI contacted SanDisk once again, and claimed that SanDisk's digital media players further infringed its '356, '174, '663 Patents. On December 11, 2008, LSI

contacted SanDisk once again, and further alleged that SanDisk infringed two additional patents, the '124 and '817 Patents.

20. SanDisk responded to the LSI inquiries described above. SanDisk informed LSI that it did not believe that it required a license to the LSI Patents.

21. On May 29, 2009, LSI sent threatening letters to four of SanDisk's major customers claiming that certain SanDisk products infringed the LSI Patents. Each letter was captioned "RE: Unlicensed SanDisk Products."

22. The LSI letters included information pertaining to SanDisk's alleged infringement of LSI's patents that LSI knew or should have known was false. The letters state, in relevant part: "An analysis by our organization indicates that SanDisk's products utilize a number of LSI patents. LSI believes that SanDisk's Sansa View MP3 Video player and SanDisk's Sansa Fuze MP3 Video player infringe LSI's patents. Specifically, LSI believes that at least [the '356, '174, '928, '730, '124, '817, '663, 'and 830 Patents] are infringed." The letters also accused SanDisk of not being responsive to LSI's licensing overtures to SanDisk.

23. SanDisk has certain contractual or other indemnity obligations to its customers relating to claims of patent infringement. Pursuant to those obligations, certain of the customers contacted by LSI have tendered to SanDisk claims made by LSI against such customers for infringement based on such customers' use of the accused products.

### COUNT I
**(Declaratory Judgment of Invalidity, Unenforceability, and/or Non-infringement of the LSI Patents)**

24. SanDisk re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

25. LSI has stated that certain of SanDisk's products infringe the LSI Patents and that SanDisk and/or SanDisk's customers are required to license the LSI Patents.

26. SanDisk contends that neither it nor its customers are required to license the LSI Patents because SanDisk has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the LSI Patents.

27. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28. An actual and justiciable controversy exists between SanDisk and LSI as to whether the LSI Patents are infringed by SanDisk and/or its customers. A judicial declaration is necessary and appropriate so that SanDisk may ascertain its rights regarding the LSI Patents.

29. An actual and justiciable controversy exists between SanDisk and LSI as to whether the LSI Patents are valid. A judicial declaration is necessary and appropriate so that SanDisk may ascertain its rights regarding the LSI Patents.

30. An actual and justiciable controversy exists between SanDisk and LSI as to whether the LSI Patents are enforceable. A judicial declaration is necessary and appropriate so that SanDisk may ascertain its rights regarding the LSI Patents.

## COUNT II
**(Unfair Competition, Calif. Bus. & Prof. Code Section 17200)**

31. SanDisk re-alleges and incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

32. As described above, SanDisk is informed and believes that LSI made knowingly false and misleading accusations in communications with four of SanDisk's customers which falsely alleged that SanDisk infringed upon LSI's patents and that SanDisk had been non-responsive. LSI's accusations are false and misleading because SanDisk is informed and believes that LSI lacked the basis for alleging that SanDisk or its customers are infringing one or more of the LSI Patents. SanDisk is informed and believes that LSI knew that the statements regarding SanDisk's alleged infringement were false. LSI's conduct thereby intentionally misled and deceived SanDisk's customers, and has caused pecuniary damage to SanDisk and damage to SanDisk's reputation in the marketplace.

33. LSI's practice of communicating knowingly false and misleading statements to SanDisk's customers constitutes a fraudulent business practices in violation of § 17200, *et. seq.* of the California Business and Professions Code.

34. As a direct and proximate result of LSI's conduct, SanDisk has already suffered harm by being required to undertake expensive corrective measures. SanDisk has incurred the fees and costs arising from indemnification requests from customers to whom the fraudulent letters were sent, and the legal fees and costs in pursing the present action.

35. In addition, SanDisk has suffered irreparable harm to its reputation in the marketplace, and, on information and belief, will continue to suffer harm to its reputation as a direct and proximate cause of LSI's fraudulent conduct.

36. SanDisk requests and is hereby entitled to all damages provable at trial.

## COUNT III
### (Intentional Interference with Prospective Economic Advantage)

37. SanDisk re-alleges and incorporates by reference Paragraphs 1 through 36 as if fully set forth herein.

38. SanDisk maintains economically beneficial relationships with its established customers, which are essential to the successful operation of SanDisk's business. SanDisk has expended substantial time and money to initiate and develop relationships with its customers. As a result of these efforts, SanDisk has a reasonable expectation that its customers will continue to conduct business in the form of purchasing SanDisk's products for resale and other associated business conduct.

39. LSI is, and was at the time it sent letters to SanDisk's customers, aware of the business relationship between SanDisk and SanDisk's customers, evidenced by LSI's communications to the customers regarding SanDisk's products.

40. Through LSI's letter campaign to SanDisk's customers alleging patent infringement, LSI desired to interfere with the economic advantage SanDisk gains by conducting business with its customers. SanDisk has already suffered harm to is reputation in the marketplace, and on information and belief, SanDisk will continue to suffer harm to its reputation, which may cause substantial loss in sales and lost revenue from SanDisk's customers. SanDisk will additionally continue to incur legal fees and costs to indemnify its customers from LSI's false and misleading accusations.

41. LSI's conduct, as described above, and specifically including the communication of fraudulent and misleading statements to SanDisk's customers, was wrongful and unlawful apart from the interference itself. LSI's conduct is in direct violation of Section 17200, *et. seq.* of the California Business and Professions Code, and in violation of the common law tort of trade libel.

42. As a direct and proximate cause of LSI's conduct, SanDisk has suffered harm in the form of damage to its reputation in the marketplace, and expended money on legal fees and costs to indemnify its customers and pursue this action. LSI's conduct has and will continue to interfere with the ability of SanDisk to sell its products, causing irreparable harm to SanDisk. As such, SanDisk requests and is hereby entitled to all damages provable at trial.

## COUNT IV
### (Negligent Interference with Prospective Economic Advantage)

43. SanDisk re-alleges and incorporates by reference Paragraphs 1 through 42 as if fully set forth herein.

44. As described above, SanDisk maintains relationships with its customers that are economically advantageous to SanDisk. Based on existing and past contracts for the sale of SanDisk's goods with these customers, SanDisk reasonably expects these economic relationships to continue.

45. LSI knew about the relationships between SanDisk and their customers. LSI also knew that failure to act with due care would interfere with and disrupt these relationships.

46. By directly contacting SanDisk's customers in the context of communicating information about SanDisk and certain of SanDisk's products, LSI owed SanDisk a duty of care. LSI's letter campaign was intended to negatively affect the relationship between SanDisk and its customers. For example, the letters state that SanDisk "infringes" several LSI Patents, and that "SanDisk has not been responsive" on the matter. SanDisk is informed and believes that neither of these statements have any basis in fact or in law. By engaging in the letter campaign, it was entirely foreseeable to a high degree of certainty that LSI's conduct would harm SanDisk.

47. By communicating knowingly false statements to SanDisk's customers, LSI failed to act with due care.

48. LSI's conduct was independently unlawful as it is in direct violation of Section 17200 of the California Business and Professions Code.

49. As a direct and proximate consequence of LSI's conduct, SanDisk has suffered extensive harm in the expending of fees and costs for legal services to indemnify its customers to whom the letters were sent, and in pursuing this legal action. LSI was a substantial factor in causing this harm to SanDisk.

50. SanDisk hereby requests and is entitled to all damages provable at trial.

## COUNT V
**(Trade Libel)**

51. SanDisk re-alleges and incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

52. As described above, the letters that LSI sent to SanDisk's customers contained statements that were disparaging to SanDisk's products and damaging to SanDisk's reputation by claiming that certain of SanDisk's products infringed LSI's patents.

53. The statements could be reasonably understood by SanDisk's customers to be statements of fact.

54. SanDisk is informed and believes that the statements that certain of SanDisk's products infringed the LSI Patents is false.

55. SanDisk is informed and believes that LSI acted with malice when it published statements alleging that certain of SanDisk's products infringed the LSI Patents knowing that its statements were false. The statements were not privileged.

56. As a direct and proximate consequence of LSI's letters, SanDisk has suffered ongoing pecuniary harm in the form of legal fees and costs associated with indemnifying customers to whom LSI sent the letters, and in legal fees and costs in pursuing the present action. SanDisk has also suffered damage to its reputation in the marketplace. SanDisk is entitled to, and hereby requests, all damages provable at trial.

57. SanDisk is informed and believes, and thereon alleges, that unless restrained by this Court, LSI will continue to disparage SanDisk to its customers and pecuniary compensation will not afford SanDisk adequate relief. SanDisk hereby requests that this court enjoin LSI from continuing to communicate false statements regarding SanDisk's products to any other third party.

## **PRAYER FOR RELIEF**

WHEREFORE, SanDisk respectfully requests that judgment be entered in its favor and prays that the court grant the following relief:

A. A declaration that the SanDisk's products have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the LSI Patents;

B. A declaration that the claims of the LSI Patents are invalid;

C. A declaration that the LSI Patents are unenforceable;

D. For an award of all damages, including special damages, provable at trial;

E. An order enjoining LSI, its officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from charging infringement of, or instituting any action for infringement of the LSI Patents against SanDisk and/or any of SanDisk's customers;

F. An order enjoining LSI, its officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from continuing to send false and misleading communications of any kind to any of SanDisk's customers;

G. An order declaring that SanDisk is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and award SanDisk its reasonable attorneys fees, expenses, and costs in this action; and

F. Such other and further relief as this Court may deem just and proper.

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6(a), Plaintiff respectfully requests a jury trial on all issues triable thereby.

Dated: June 19, 2009.                    JONES DAY

By: _____
Tharan Gregory Lanier

Attorneys for Plaintiff
SANDISK CORPORATION

COMPLAINT FOR DECLARATORY JUDGMENT