Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Gregory L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     650-739-3939
Facsimile:      650-739-3900

Attorneys for Plaintiff/Counterdefendant
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDISK CORPORATION,** | Case No. C09-02737 WHA |
| **Plaintiff,** | **SANDISK CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS OF LSI CORPORATION AND AGERE SYSTEMS INC.** |
| **v.** | |
| **LSI CORPORATION,** | |
| **Defendant.** | **DEMAND FOR JURY TRIAL** |
| | Judge:  Hon. William H. Alsup |
| | Courtroom 9, 19th Floor |
| **LSI CORPORATION AND AGERE SYSTEMS INC.,** | Date Filed: June 19, 2009 |
| | Trial Date: None Set |
| **Counterclaimants,** | |
| **v.** | |
| **SANDISK CORPORATION,** | |
| **Counterdefendant.** | |

1

## SANDISK CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

2    SanDisk Corporation ("SanDisk") hereby submits the following Answer and Affirmative

3    Defenses to the Counterclaims of LSI Corporation ("LSI") and Agere Systems Inc. ("Agere")

4    ("the Counterclaims").

5

## ANSWER

6

### Jurisdiction and Venue

7    1.    SanDisk admits that this Court has jurisdiction over the Counterclaims under 35

8    U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

9    2.    SanDisk admits that venue is proper in this district under 28 U.S.C. §§ 1391(b),

10    1391(c), and 1400(b).

11

### Parties

12    3.    SanDisk does not have knowledge or information sufficient to form a belief as to

13    the truth of the allegations contained in paragraph 3 of the Counterclaims and therefore denies the

14    same.

15    4.    SanDisk does not have knowledge or information sufficient to form a belief as to

16    the truth of the allegations contained in paragraph 4 of the Counterclaims and therefore denies the

17    same.

18    5.    Admitted.

19

### The LSI Patents

20    6.    SanDisk admits that United States Patent No. 5,379,356 (the "Purcell '356

21    Patent") on its face recites the title "Decompression Processor for Video Applications" and

22    appears to have been issued on January 3, 1995.  SanDisk denies that the Purcell '356 Patent was

23    duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a

24    belief as to the truth of the remaining allegations contained in paragraph 6 of the Counterclaims

25    and therefore denies the same.

26    7.    SanDisk does not have knowledge or information sufficient to form a belief as to

27    the truth of the allegations contained in paragraph 7 of the Counterclaims and therefore denies the

28    same.

8.      SanDisk denies the allegations contained in paragraph 8 of the Counterclaims.

9.      SanDisk denies having had actual or constructive notice of the Purcell '356 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

10.     SanDisk admits that United States Patent No. 5,809,174 (the "Purcell '174 Patent") on its face recites the title "Decompression Processor for Video Applications" and appears to have been issued on September 15, 1998.  SanDisk denies that the Purcell '174 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Counterclaims and therefore denies the same.

11.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims and therefore denies the same.

12.     SanDisk denies the allegations contained in paragraph 12 of the Counterclaims.

13.     SanDisk denies having had actual or constructive notice of the Purcell '174 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

14.     SanDisk admits that United States Patent No. 5,864,817 (the "Galbi '817 Patent") on its face recites the title "Method for Decoding MPEG Audio Data" and appears to have been issued on January 26, 1999.  SanDisk denies that the Galbi '817 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Counterclaims and therefore denies the same.

15.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims and therefore denies the same.

16.     SanDisk denies the allegations contained in paragraph 16 of the Counterclaims.

17.     SanDisk denies having had actual or constructive notice of the Galbi '817 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

18.     SanDisk admits that United States Patent No. 5,890,124 (the "Galbi '124 Patent") on its face recites the title "Windowing Method for Decoding of MPEG Audio Data" and appears to have been issued on March 30, 1999.  SanDisk denies that the Galbi '124 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Counterclaims and therefore denies the same.

19.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Counterclaims and therefore denies the same.

20.     SanDisk denies the allegations contained in paragraph 20 of the Counterclaims.

21.     SanDisk denies having had actual or constructive notice of the Galbi '124 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

22.     SanDisk admits that United States Patent No. 5,982,830 (the "Maturi '830 Patent") on its face recites the title "Hysteretic Synchronization System for MPEG Audio Frame Decoder" and appears to have been issued on November 9, 1999.  SanDisk denies that the Maturi '830 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Counterclaims and therefore denies the same.

23.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Counterclaims and therefore denies the same.

24.     SanDisk denies the allegations contained in paragraph 24 of the Counterclaims.

25.     SanDisk denies having had actual or constructive notice of the Maturi '830 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

26.     SanDisk admits that United States Patent No. 6,982,663 (the "Winger '663 Patent") on its face recites the title "Method and System for Symbol Binarization" and appears to have been issued on January 3, 2006.  SanDisk denies that the Winger '663 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 26 of the Counterclaims and therefore denies the same.

27.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Counterclaims and therefore denies the same.

28.     SanDisk denies the allegations contained in paragraph 28 of the Counterclaims.

29.     SanDisk denies having had actual or constructive notice of the Winger '663 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

30.     SanDisk admits that United States Patent No. 5,670,730 (the "Grewe '730 Patent") on its face recites the title "Data Protocol and Method for Segmenting Memory for a Music Chip" and appears to have been issued on September 23, 1997.  SanDisk denies that the Grewe '730 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Counterclaims and therefore denies the same.

31.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Counterclaims and therefore denies the same.

32.     SanDisk denies the allegations contained in paragraph 32 of the Counterclaims.

33.     SanDisk denies having had actual or constructive notice of the Grewe '730 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

34.     SanDisk admits that United States Patent No. 5,696,928 (the "Grewe '928 Patent") on its face recites the title "Memory Chip Architecture for Digital Storage of Prerecorded Audio Data Wherein Each of the Memory Cells Are Individually Addressable" and appears to have been issued on December 9, 1997.  SanDisk denies that the Grewe '928 Patent was duly and legally issued.  SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Counterclaims and therefore denies the same.

35.     SanDisk does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Counterclaims and therefore denies the same.

36.     SanDisk denies the allegations contained in paragraph 36 of the Counterclaims.

37.     SanDisk denies having had actual or constructive notice of the Grewe '928 Patent. SanDisk admits that the filing of the Counterclaim constitutes notice under 35 U.S.C. § 287.

<u>**Count 1**</u>

**(Infringement of United States Patent No. 5,379,356)**

38.     SanDisk incorporates by reference each of its responses to the allegations in paragraphs 1 through 37 above.

39.     SanDisk denies the allegations contained in paragraph 39 of the Counterclaims. SanDisk specifically denies any past or continuing act of infringement of the Purcell '356 Patent. SanDisk also specifically denies any past or continuing act of indirect infringement through any act of contributory infringement of the Purcell '356 Patent.  SanDisk specifically denies any past or continuing act of indirect infringement through any act of inducing infringement of the Purcell '356 Patent.

40.     SanDisk denies the allegations contained in paragraph 40 of the Counterclaims. SanDisk specifically denies any past or continuing act of willful infringement of the Purcell '356 Patent.

41.     SanDisk denies the allegations contained in paragraph 41 of the Counterclaims.

<u>**Count 2**</u>

**(Infringement of United States Patent No. 5,809,174)**

42.     SanDisk incorporates by reference each of its responses to the allegations in paragraphs 1 through 41 above.

43.     SanDisk denies the allegations contained in paragraph 43 of the Counterclaims. SanDisk specifically denies any past or continuing act of infringement of the Purcell '174 Patent. SanDisk also specifically denies any past or continuing act of indirect infringement through any act of contributory infringement of the Purcell '174 Patent.  SanDisk specifically denies any past

1  or continuing act of indirect infringement through any act of inducing infringement of the Purcell

2  '174 Patent.

3  44.  SanDisk denies the allegations contained in paragraph 44 of the Counterclaims.

4  SanDisk specifically denies any past or continuing act of willful infringement of the Purcell '174

5  Patent.

6  45.  SanDisk denies the allegations contained in paragraph 45 of the Counterclaims.

7  **Count 3**

8  **(Infringement of United States Patent No. 5,864,817)**

9  46.  SanDisk incorporates by reference each of its responses to the allegations in

10  paragraphs 1 through 45 above.

11  47.  SanDisk denies the allegations contained in paragraph 47 of the Counterclaims.

12  SanDisk specifically denies any past or continuing act of infringement of the Galbi '817 Patent.

13  SanDisk also specifically denies any past or continuing act of indirect infringement through any

14  act of contributory infringement of the Galbi '817 Patent.  SanDisk specifically denies any past or

15  continuing act of indirect infringement through any act of inducing infringement of the Galbi

16  '817 Patent.

17  48.  SanDisk denies the allegations contained in paragraph 48 of the Counterclaims.

18  SanDisk specifically denies any past or continuing act of willful infringement of the Galbi '817

19  Patent.

20  49.  SanDisk denies the allegations contained in paragraph 49 of the Counterclaims.

21  **Count 4**

22  **(Infringement of United States Patent No. 5,890,124)**

23  50.  SanDisk incorporates by reference each of its responses to the allegations in

24  paragraphs 1 through 49 above.

25  51.  SanDisk denies the allegations contained in paragraph 51 of the Counterclaims.

26  SanDisk specifically denies any past or continuing act of infringement of the Galbi '124 Patent.

27  SanDisk also specifically denies any past or continuing act of indirect infringement through any

28  act of contributory infringement of the Galbi '124 Patent.  SanDisk specifically denies any past or

1    continuing act of indirect infringement through any act of inducing infringement of the Galbi

2    '124 Patent.

3         52.    SanDisk denies the allegations contained in paragraph 52 of the Counterclaims.

4    SanDisk specifically denies any past or continuing act of willful infringement of the Galbi '124

5    Patent.

6         53.    SanDisk denies the allegations contained in paragraph 53 of the Counterclaims.

7                                    **Count 5**

8                  **(Infringement of United States Patent No. 5,982,830)**

9         54.    SanDisk incorporates by reference each of its responses to the allegations in

10   paragraphs 1 through 53 above.

11        55.    SanDisk denies the allegations contained in paragraph 55 of the Counterclaims.

12   SanDisk specifically denies any past or continuing act of infringement of the Maturi '830 Patent.

13   SanDisk also specifically denies any past or continuing act of indirect infringement through any

14   act of contributory infringement of the Maturi '830 Patent.  SanDisk specifically denies any past

15   or continuing act of indirect infringement through any act of inducing infringement of the Maturi

16   '830 Patent.

17        56.    SanDisk denies the allegations contained in paragraph 56 of the Counterclaims.

18   SanDisk specifically denies any past or continuing act of willful infringement of the Maturi '830

19   Patent.

20        57.    SanDisk denies the allegations contained in paragraph 57 of the Counterclaims.

21                                   **Count 6**

22                 **(Infringement of United States Patent No. 6,982,663)**

23        58.    SanDisk incorporates by reference each of its responses to the allegations in

24   paragraphs 1 through 57 above.

25        59.    SanDisk denies the allegations contained in paragraph 59 of the Counterclaims.

26   SanDisk specifically denies any past or continuing act of infringement of the Winger '663 Patent.

27   SanDisk also specifically denies any past or continuing act of indirect infringement through any

28   act of contributory infringement of the Winger '663 Patent.  SanDisk specifically denies any past

1    or continuing act of indirect infringement through any act of inducing infringement of the Winger

2    '663 Patent.

3          60.    SanDisk denies the allegations contained in paragraph 60 of the Counterclaims.

4    SanDisk specifically denies any past or continuing act of willful infringement of the Winger '663

5    Patent.

6          61.    SanDisk denies the allegations contained in paragraph 61 of the Counterclaims.

7                              **Count 7**

8              **(Infringement of United States Patent No. 5,670,730)**

9          62.    SanDisk incorporates by reference each of its responses to the allegations in

10    paragraphs 1 through 61 above.

11         63.    SanDisk denies the allegations contained in paragraph 63 of the Counterclaims.

12    SanDisk specifically denies any past or continuing act of infringement of the Grewe '730 Patent.

13    SanDisk also specifically denies any past or continuing act of indirect infringement through any

14    act of contributory infringement of the Grewe '730 Patent.  SanDisk specifically denies any past

15    or continuing act of indirect infringement through any act of inducing infringement of the Grewe

16    '730 Patent.

17         64.    SanDisk denies the allegations contained in paragraph 64 of the Counterclaims.

18    SanDisk specifically denies any past or continuing act of willful infringement of the Grewe '730

19    Patent.

20         65.    SanDisk denies the allegations contained in paragraph 65 of the Counterclaims.

21                              **Count 8**

22             **(Infringement of United States Patent No. 5,696,928)**

23         66.    SanDisk incorporates by reference each of its responses to the allegations in

24    paragraphs 1 through 65 above.

25         67.    SanDisk denies the allegations contained in paragraph 66 of the Counterclaims.

26    SanDisk specifically denies any past or continuing act of infringement of the Grewe '928 Patent.

27    SanDisk also specifically denies any past or continuing act of indirect infringement through any

28    act of contributory infringement of the Grewe '928 Patent.  SanDisk specifically denies any past

1    or continuing act of indirect infringement through any act of inducing infringement of the Grewe

2    '928 Patent.

3         68.     SanDisk denies the allegations contained in paragraph 68 of the Counterclaims.

4    SanDisk specifically denies any past or continuing act of willful infringement of the Grewe '928

5    Patent.

6         69.     SanDisk denies the allegations contained in paragraph 69 of the Counterclaims.

7         70.     SanDisk denies that LSI and Agere are entitled to any of the relief for which it

8    prays.

9                                    **AFFIRMATIVE DEFENSES**

10                                  **First Affirmative Defense**

11                                     **(Non-Infringement)**

12        71.     SanDisk is not infringing, has not infringed, and has not contributed to, or induced

13   the infringement of any valid and enforceable claim of the Purcell '356, Purcell '174, Galbi '817,

14   Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents either directly,

15   indirectly, or under the doctrine of equivalents.

16                                 **Second Affirmative Defense**

17                                        **(Invalidity)**

18        72.     On information and belief, one or more claims of the Purcell '356, Purcell '174,

19   Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents are

20   invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*,

21   including without limitation §§ 101, 102, 103, and/or 112, as well as those set forth in 37 C.F.R. §

22   1.1 *et seq.*

23                                  **Third Affirmative Defense**

24                                        **(Estoppel)**

25        73.     On information and belief, LSI and Agere is estopped from construing one or more

26   of the claims in the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663,

27   Grewe '730, and Grewe '928 Patents in a way as to cover SanDisk's activities by reason of prior

28   art, the disclosure or language in the specification of the Purcell '356, Purcell '174, Galbi '817,

Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents, limitations in the claims of the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents, and statements made during the prosecution of the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents.

**Fourth Affirmative Defense**

**(35 U.S.C. § 286)**

74.     On information and belief, LSI's and Agere's claims for damages are limited or barred in part from recovery due to the running of the statute of limitations for such claims as set forth in 35 U.S.C. § 286.

**Fifth Affirmative Defense**

**(Laches, Waiver, Equitable Estoppel)**

75.     On information and belief, LSI's and Agere's claims for damages are limited or barred from recovery under the equitable doctrine of laches, waiver, and/or equitable estoppel.

**Sixth Affirmative Defense**

**(Substantial Non-Infringing Use)**

76.     SanDisk's products cannot contributorily infringe the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents because they have substantial non-infringing uses.

**Seventh Affirmative Defense**

**(No Injunctive Relief)**

77.     On information and belief, LSI and Agere are not entitled to injunctive relief because any alleged injury to LSI and/or Agere is not immediate or irreparable, and LSI and/or Agere have an adequate remedy at law.

1

**Eighth Affirmative Defense**

2

**(Collateral Estoppel and Judicial Estoppel)**

3        78.    On information and belief, LSI and Agere are barred pursuant to the doctrines of

4    collateral estoppel and/or judicial estoppel from re-asserting and/or altering its positions on

5    factual and legal issues that were previously adjudicated and decided.

6

**Ninth Affirmative Defense**

7

**(28 U.S.C. § 1498)**

8        79.    To the extent that certain products accused of infringing the Purcell '356, Purcell

9    '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents are

10    used and/or manufactured for the United States, LSI's and Agere's claims against SanDisk with

11    respect to such products may not be pursued in this Court and are subject to other limitations

12    pursuant to 28 U.S.C. § 1498.

13

**Tenth Affirmative Defense**

14

**(35 U.S.C. § 287 and § 288)**

15        80.    On information and belief, LSI and Agere have failed to comply with the

16    provisions of 35 U.S.C. § 287 and that any claim for damages for patent infringement by LSI and

17    Agere is limited by 35 U.S.C. § 287 to those damages occurring after legally proper notice of

18    alleged infringement.  To the extent that any claim of the Purcell '356, Purcell '174, Galbi '817,

19    Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents is held invalid, LSI

20    and Agere are precluded under 35 U.S.C. § 288 from recovering costs relating to this action.

21

**Eleventh Affirmative Defense**

22

**(License, Exhaustion, Implied License)**

23        81.    On information and belief, LSI and Agere are barred, in part, from asserting the

24    Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and

25    Grewe '928 Patents, from collecting damages thereunder, and from obtaining any form of

26    equitable relief, because of license, exhaustion, and/or implied license.

27

28

**Twelfth Affirmative Defense**

**(Unclean Hands)**

82.     On information and belief, LSI and Agere are barred from asserting the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents and/or from obtaining any form of equitable relief, pursuant to the equitable doctrine of unclean hands.

**Thirteenth Affirmative Defense**

**(Patent Misuse)**

83.     On information and belief, LSI and Agere are barred from asserting the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents and/or from obtaining any form of relief because LSI and Agere and/or its predecessors in interest to the Purcell '356, Purcell '174, Galbi '817, Galbi '124, Maturi '830, Winger '663, Grewe '730, and Grewe '928 Patents have committed acts of patent misuse.

**Fourteenth Affirmative Defense**

**(Failure to State a Claim for Relief)**

84.     On information and belief, LSI's and Agere's Counterclaims fail to state a claim on which relief may be granted, as LSI's and Agere's claims against SanDisk, and the causes of action contained therein, are vague and uncertain.

**PRAYER**

85.     SanDisk respectfully requests that the Court enter judgment:

    a.   That the claims against SanDisk be dismissed in its entirety with prejudice;

    b.   That U.S. Patent Nos. 5,379,356; 5,809,174; 5,864,817; 5,890,124; 5,982,830; 6,982,663; 5,670,730; and 5,696,928 are invalid and/or unenforceable.

    c.   That SanDisk has not infringed and is not now infringing U.S. Patent Nos. 5,379,356; 5,809,174; 5,864,817; 5,890,124; 5,982,830; 6,982,663; 5,670,730; and 5,696,928.

    d.   Awarding SanDisk its costs and attorneys' fees because this case is exceptional under 35 U.S.C. § 285; and

1          e.   Granting SanDisk any further relief to which the Court may deem just and proper.

2

3    Dated: September 1, 2009.                    JONES DAY

4

5                                                 By: _____/s/_____
                                                       Gregory L. Lippetz
6

7                                                 Attorneys for Plaintiff/Counterdefendant
                                                  SANDISK CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28