1
2
3
4
5
6                     IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

10   SANDISK CORPORATION,                            No. C 09-02737 WHA

11            Plaintiff,

12     v.                                            **ORDER GRANTING DEFENDANT'S
                                                     MOTION TO DISMISS PLAINTIFF'S
13   LSI CORPORATION,                                STATE LAW CLAIMS AND
                                                     VACATING HEARING**
14            Defendant.

15   _____/

16
                                        **INTRODUCTION**
17
            Under Rule 12(b)(6), defendant LSI Corporation brings this motion to dismiss plaintiff
18
     SanDisk's state law claims as preempted.  In the alternative, defendant argues that SanDisk has
19
     not alleged facts to support its claims.
20
            This order holds that SanDisk has not sufficiently pleaded its case to establish a showing
21
     of bad faith, thereby causing the state law claims to be preempted by federal patent law.
22
     Thus, LSI's motion is **GRANTED**.  LSI's alternative argument need not be addressed.  The hearing
23
     set for September 24, 2009, is **VACATED**.
24
                                        **STATEMENT**
25
            Defendant LSI Corporation owns various patents that are allegedly infringed by plaintiff
26
     SanDisk's digital media players.  Over the course of the past two years, LSI has contacted
27
     SanDisk in pursuit of licensing revenues.  Despite these communications, the parties were unable
28
     to reach any agreement over the matter.  On May 29, 2009, LSI sent letters to several of

                                                 1

SanDisk's customers accusing SanDisk of patent infringement and unresponsiveness to LSI's licensing requests and seeking direct licensing negotiations with those customers.  SanDisk claims that LSI knew or should have known that LSI's statements to the customers were false.  SanDisk alleges that several of these customers contacted by LSI tendered claims to SanDisk based on LSI's allegations.

In the present action, SanDisk asserts five claims against LSI.  Under the federal patent law, SanDisk seeks a declaratory judgement action for patent non-infringement, invalidity, and/or unenforceability.  Under state law, SanDisk makes the claims of unfair competition, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and trade libel.  LSI filed a motion to dismiss the state law claims on the grounds that they are preempted by federal patent law.  Both parties have submitted briefs on the matter.  This order analyzes those briefs and holds that the motion is **GRANTED**.

**ARGUMENT**

**1.    LEGAL STANDARD.**

Rule 8(a) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Addressing the requirements of Rule 8, the Supreme Court stated:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).[1]  In order to survive a motion to dismiss, a complaint, on its face, needs to be plausible, meaning that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Unless stated otherwise, all internal citations and quotations have been omitted from this order.

1   misconduct alleged." *Ibid.* For the purposes of a motion to dismiss, the Court must accept all

2   factual allegation as true, however, the Court is not bound to accept legal conclusions as true.[2]

3   **2.   ELEMENTS OF PREEMPTION.**

4   LSI argues that it had the right to contact SanDisk's customers since federal patent law

5   preempts all of SanDisk's state claims.  Federal patent law does allow a patentee to makes its

6   rights known to a potential infringer so that the infringer can determine whether to cease its

7   allegedly infringing activity.  When doing so, however, the patentee must act in good-faith.

8   "[F]ederal patent law preempts state law that punishes merely publicizing a patent in the

9   marketplace[,] unless the plaintiff can show that the patentholder acted in bad faith."

10  *Globetrotter Software, Inc. v. Elan Computer Group, Inc*., 362 F.3d 1367, 1377 n.9 (Fed. Cir.

11  2004) (second alteration in the original).  A bad faith determination is done on a case-by-case

12  basis.  Obviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed,

13  yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad

14  faith representations is made out.  *Zenith Elecs. Corp. v. EXZEC*, 182 F.3d 1340, 1354 (Fed. Cir.

15  1999).  A plaintiff asserting that the defendant patent holder acted in bad faith must establish that

16  the claims of infringement were objectively baseless.  *Globetrotter,* 362 F.3d at 1377.

17  **3.   PREEMPTION BAD-FAITH ANALYSIS.**

18  SanDisk has failed to support its allegations with facts that allow the Court to reasonably

19  infer that defendant acted in bad faith.  SanDisk alleges that LSI sent letters to SanDisk's

20  customers containing information that LSI "knew or should have known was false" (Compl. ¶

21  22).  This allegation is based on SanDisk's statement that it "is informed and believes that [LSI]

22  knew that the statements . . . were false" (Compl. ¶ 32).  SanDisk also alleges that it "is informed

23  and believes that [LSI] acted with malice when it published statements . . . knowing that [the]

24  statements were false" (Compl. ¶ 55).  Conclusory statements, however, are not sufficient to

25  meet the pleading requirements.  *See Ashcroft*, 129 S. Ct. at 1949.  SanDisk is merely stating

26

27

28  [2] LSI does argue that preemption analysis requires heightened pleading pursuant to Rule 9(b) that applies in cases alleging fraud or mistake.  This argument is moot since SanDisk has failed to meet even the lower pleading standard of Rule 8.

what it believes without providing any specific facts showing the basis for its information and beliefs. Such statements, which are not amplified by any facts, do not allow a judge to make any reasonable inferences of bad faith.[3]

In addition, SanDisk's allegations do not establish that LSI's claim of infringement was objectively baseless. *See Globetrotter Software,* 362 F.3d at 1377. In fact, SanDisk's complaint states that LSI claims to have analyzed plaintiff's products, determined that plaintiff's products infringe, and provided specific patents that are allegedly infringed (Compl. ¶ 22). This actually contradicts SanDisk's contention that LSI's accusations were objectively baseless and bare because it shows that LSI was not just making conclusory statements since LSI at least identified specific patents that it contends were allegedly infringed. SanDisk has failed to meets its burden of proving that LSI's claim of infringement was objectively baseless.[4]

SanDisk invokes *Brite Smile, Inc. v. Discus Dental, Inc.*, No. C02-3220 JSW, 2005 WL 309675 (N.D. Cal. Nov. 18, 2005), to support its argument that the motion to dismiss should be denied. In *Brite Smile*, Discus alleged that Brite Smile sent letters to twelve of Discus' customers threatening them with patent litigation unless they switched to BriteSmile's products despite knowing its patent was invalid and noninfringing. *Brite Smile*, 2005 WL 309675, at *5. The court held that this was a sufficient pleading of bad faith because Discus admitted that it knew there were problems with the prosecution of its patent thereby affecting its ability to enforce the patent. *Id.,* at *5. By contrast, in the present action, LSI has made no such admission. SanDisk's complaint merely alleges that LSI knew or should have known its allegations of infringement were false, however, SanDisk provides no facts to support such an assertion. Thus, *Brite Smile* is not applicable to the facts in this action.

---

[3] SanDisk also alleges that LSI's letters were misleading because LSI stated that SanDisk failed to respond to LSI's claims of infringement. This is supported by SanDisk's statement that SanDisk did respond. This, however, is not sufficient by itself to find that LSI acted in bad faith; it is an ancillary issue. As explained, the crux of a bad faith argument is proving that a defendant's claims of infringement were objectively baseless.

[4] SanDisk argues that LSI has failed to provide any authority to show that SanDisk's allegations of non-infringement and bad faith fail to meet the objectively baseless standard. It is SanDisk, however, and not the defendant, who has the burden and has failed to provide caselaw supporting the contention that LSI's claim of infringement was objectively baseless.

United States District Court
For the Northern District of California

1    SanDisk also invokes *Reid-Ashman Mfg. v. Swanson Semiconductor Serv., LLC*,

2  No. C-06-4693 JCS, 2007 WL 1394427 (N.D. Cal. May 10, 2007).  In that case, however, the

3  allegation of bad faith was supported by specific allegations.  For example, it was alleged that

4  the accuser had failed to properly inspect the allegedly infringing product.  *Reid-Ashman*,

5  2007 WL 1394427, at *9.  By contrast, in this action, SanDisk's allegations are not supported

6  with such specificity.  SanDisk alleges that LSI made false and misleading statements based on

7  SanDisk's beliefs but provides no specific allegations, such as those provided in *Reid-Ashman*,

8  to support this contention.  In a conclusory fashion, SanDisk also states that LSI knew or should

9  have known that the information it provided was false.  SanDisk, however, provides no factual

10 support for this statement.

11    Thus, this order holds that SanDisk's state law claims are preempted by federal patent law

12 because SanDisk has failed to sufficiently plead a case showing that LSI acted in bad faith.

13 LSI's motion is **GRANTED**.  Consequently, LSI's arguments concerning the sufficiency of

14 pleading of the state law claims need not be addressed.

15                                      **CONCLUSION**

16    This order holds that SanDisk's state law claims are preempted by federal patent law

17 because SanDisk's allegations are insufficient to establish bad faith.  LSI's motion to dismiss the

18 state law claims is, therefore, **GRANTED**.  Within **FOURTEEN CALENDAR DAYS**, SanDisk may file

19 a motion on a normal 35-day track seeking to cure the foregoing deficiencies and appending to

20 the motion a proposed amended complaint.  The proposed amended complaint should amplify

21 SanDisk's allegations with factual support showing the basis for SanDisk's belief that LSI acted

22 in bad faith in claiming that its patents were infringed.  The hearing set for September 24, 2009,

23 is **VACATED**.

24

25    **IT IS SO ORDERED.**

26 Dated:  September 17, 2009.

    _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

27

28