IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LSI CORPORATION,<br><br>　　　　Defendant.<br>_____/<br>LSI CORPORATION and AGERE SYSTEMS, INC.,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>SANDISK CORPORATION,<br><br>　　　　Counterdefendant,<br>_____/ | No. C 09-02737 WHA<br><br>**ORDER REGARDING EXPERT CANDIDATES** |

　　　The Court wishes to have a conference with counsel and both Rule 706 expert candidates at **8:00 A.M. ON MARCH 4, 2010**, in Courtroom 9, and asks the candidates and counsel to discuss the proposed scope of assignment appended hereto. Counsel shall ensure that the two expert candidates receive copies of this order and the proposed scope of assignment.

　　　**IT IS SO ORDERED.**

Dated: February 22, 2010.

　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**SCOPE OF ASSIGNMENT FOR RULE 706 EXPERT**

[For Discussion Only]

Under Rule 706 of the Federal Rules of Evidence, the Court finds that the complexity and numerosity of patents, claims, products, and defenses in this patent infringement action are so exceptional as to warrant the appointment of a court-appointed expert under Rule 706.

The Federal Rules of Evidence allow a court to appoint an expert either "on its own motion or on the motion of any party." Fed. R. Evid. 706(a). Rule 706(a) provides:

> The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection . . . . A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

As recognized by the Federal Circuit in *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009), under Ninth Circuit law, "district courts enjoy wide latitude to make these appointments." In *Monolithic Power Systems*, the Federal Circuit held that the district court did *not* abuse its discretion in appointing a Rule 706 expert, because the court properly administered the standards set by the rule — such as allowing the parties to show cause why an expert should not be appointed, instructing the parties to nominate and agree upon candidates, providing the witness with detailed written instructions, and making the witness available for depositions and examination at trial — and the case presented "unusually complex" issues with "starkly conflicting expert testimony." *Ibid*.

The instant action, as it stands, involves 142 claims spanning *eight* separate patents in the highly technical field of digital audio and video processing. Infringement, invalidity, and enforceability are at issue in each patent. Given this backdrop, the Court finds that this dispute warrants the appointment of a Rule 706 expert due to its unusually complex nature, and that — in the likely event that the parties present conflicting expert testimony — a Rule 706 expert will be helpful to both the jury *and the Court* in evaluating contradictory technical evidence.

*Ibid.*; *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999) (upholding a district court's appointment of a Rule 706 expert to "assist the court in evaluating contradictory evidence about an elusive disease of unknown cause").

The Rule 706 expert shall be appointed to do the following:

1. Testify at summary judgment and/or at trial on invalidity challenges to the claims-in-suit based on the prior art.
2. Testify at summary judgment and/or at trial on whether the accused products infringe the claims-in-suit.
3. Be prepared to testify on how various terms in the claims-in-suit would have been understood by a person of ordinary skill in the art.

In order to do the foregoing, the Rule 706 expert shall:

- Study the patents and claims-in-suit and related prosecution histories.
- Review and evaluate the parties' local-rule disclosures regarding invalidity and infringement.
- Study and evaluate the accused products.
- Study and evaluate the prior art.
- Study and evaluate the expert reports by both sides.
- Make requests to counsel for such additional materials as will be needed to accomplish all of the foregoing tasks.
- Meet with the two sides' experts to discuss the issues and their respective views in non-recorded sessions. Whether anything said by anyone in these sessions will be viable as evidence shall be discussed with counsel.
- Prepare his own report on invalidity, infringement, and claim construction (if so requested).
- Sit for a deposition on all of the foregoing tasks.
- Do all of the foregoing tasks in a timely manner consistent with the case management schedule.

3

1    By the 15th of each month, the Rule 706 expert shall submit to both sides a total
2 invoice for the work performed and expenses incurred in the preceding month, and each side
3 shall pay one half of this total within 21 calendar days unless an objection is filed with the
4 Court by the non-paying party.